Okay, you may proceed. Thank you, Your Honor. May it please the Court, Patrick Solomon, on behalf of the appellant, if I may, Judge Lynch, request two minutes for rebuttal. You may. Thank you. A quick administrative issue. There were two complaints at issue, a state and a federal complaint. We appealed on both. The state appeal we have withdrawn and the Court has dismissed. So this is only on the federal appeal. The defendant moved for judgment on the pleadings. Two months before that hearing, plaintiff's counsel asked at a scheduling conference regarding that hearing that the plaintiffs be allowed to amend the complaint. We believe that the district court erred in not granting that request for an amendment. Why is that a request when our case law is pretty clear that an oral request doesn't do it? You need to file a motion. And, in fact, the judge told you, go ahead, file your motion, and you didn't. So let's start there. Sure. First, as to the judge instructing that we could file a motion, he specifically said... I'm going to start with our case law, please. Absolutely. The case law, there certainly is case law strong on that point. There are exceptions in those cases that talk about situations where the parties have had an opportunity on a record to request the right to appeal. So defense counsel has had an opportunity to argue, and the court... Can you give me a case that says that those circumstances are an exception? Well, in two cases decided by this court, there were very similar situations. In the Parole 2 matter, the district court had denied the right to amend, and here the district court said that right should have been allowed. There was no formal written request for the leave to be given, and yet the court did permit that. In fact, in several cases addressing specifically these complaints that had been filed by my firm against hospitals, there were... In Pruell and in Kevlar v. UMass, the court did recognize that these cases had been in a period of transition. The plaintiff's counsel wasn't aware that the courts were going to come out several years after the timing of this appeal, or I'm sorry, this motion on the pleadings, that the courts were going to come out and say, no, you need to enumerate these specific facts. Let me ask you, you had an oral request to amend your complaint that June. Correct. On the record, there was back and forth by you and opposing counsel. The court indicated pretty strongly that you can go ahead and file, but it wasn't going to be granted. But I guess importantly for me, the court obviously understood it to be an oral motion to amend because he entered a docket entry that specifically says that motion was denied. Right. So from our perspective, Your Honor, we were instructed that you can file that motion, but I'm telling you now, this is how I'm going to rule. I will not permit it. We're going forward on these pleadings. So why didn't you file it? Because he told me that he would not permit it. I'm sorry, why didn't you file it? That's not a good reason, especially in light of our case law that you actually do need to file. And in fact, in other cases, just like this one where you were counsel or your firm was, during negotiation, you do file formal motions to amend at least one other case. There were other cases where we filed motions to amend. Those were all in the context of settlement proceedings where we had already settled and we were amending to conform the pleadings to what we had agreed was settled. They were post-settlement? Yes, Your Honor, or in conjunction with that, that in the settlement we learned a defendant wasn't somebody or something and we amended as a stipulation. We agreed to do it. It wasn't a request to amend the complaint. There were times where we had judgment on the pleadings, the court granted that motion and granted us leave to amend as of right, which the liberal rules permit. We did then file an amended pleading and the court then that was again moved against and if there was an appeal there, we took that up. But in this case, it is very clear, and back to Judge Thompson's question, was the court was very clear that you can file that, but I'm going to say exactly what I said today. We are not moving forward. Multiple times in the record, he says that. And then there is a docket entry very soon afterwards, that day, the same day, the docket that you're saying plaintiff's motion to amend is denied. We then, to have filed a motion in the face of that refusal and that admonition, we thought was going to subject us to further sanctions or to claims that we were doing this in bad faith. Can I ask you about, you got a written request from defense counsel before they undertook the effort of moving to dismiss in which they pointed out why they thought the complaint was deficient and invited you to amend. And as I understand, you declined that. They then did all the work of filing a motion. You did the work of opposing it. And the district court then did the work of trying to analyze it. At that point, when you raised orally the motion, as I understand it, the district court asked you, well, why didn't you just amend then? And your answer was that you didn't believe the court would entertain an amended complaint while the motions had been fully briefed. As I understand it, that was your only reason you gave the court for not moving to amend. I think we wanted to be in front of the court personally to request that. The reason that we had, yes, you are correct, but let me step back and explain why that situation occurred. There had been, we had filed cases like this around the country in different states and different jurisdictions. In this district, there had been a decision in the fall preceding this springtime-summer argument that went in our favor on the issue that the defendants claimed they were going to be moving to dismiss. We had one favorable decision directly on point. We had another hearing in December, another decision where the court came out and said on the state version of this complaint that there is a collective bargaining agreement. If you're saying that they were your employer, then they're your employer and therefore there was consequences. So in essence saying that the complaint pled an employer relationship. We had that decision in our favor. Then there was a February decision by Judge Zobel that came out and suggested the reverse of that, that the employer-employer relationship needed to be pled differently. And so at that point, we had already seen, we had already seen there were two decisions we felt were in our favor. One was against us. But going back to the time when you get the letter from Hooks & Council, what you know is there's a live issue about whether your complaint is not particularized enough and you know precisely why the claim is that it's not particularized. There's no yet Circuit Court of Appeals decision answering that. And the district court opinions are conflicting. So why did you then take the chance of, I mean, that was Judge Whitlock's principle question to you. Why put me through all this instead of just adding particularity to your complaint? And it seems to me you gave him a reason that could not have been true. And I don't, I read seeing that response and I don't understand why we didn't, we wouldn't have asked beforehand except for the fact that prior to that, we didn't see the weight of authority was against us. And that before that, we truly believed that our complaint was adequate on the pleadings and we wanted to move forward. The district court and the Court of Appeals, this court has ruled after that, that this was a time period of great change in how these cases should be pled and didn't hold the plaintiffs to. I understand that's off my, your question, sorry. Yeah, it sure is. So Judge Kayada just said you only offered the district court a reason which could not have been true. And you did not offer the district court any other reasons. So how could it possibly be an abuse of discretion under these circumstances? Perhaps if you had offered different, more substantive reasons, the district court would have had a different point of view. But you know, you can't come to the Court of Appeals and make arguments that you didn't make to the district court, and especially when the district court asks you the question directly. Your Honor, if I may respond to that? Yes, please, no. Thank you. The judge, and the question I think that I was responding to was why didn't you do this before today? And I said I didn't think the court would entertain that the pleadings had been filed, but now we realize we're in trouble. There's some cases going against us, against the weight of the evidence. And I gave multiple reasons then as to why we should be permitted to amend the complaint. The court heard those reasons, and the court heard oral argument from the defendants on those reasons, and then issued his decision in the documentary was pledged. So I believe that's a distinction as to me sitting back and saying, well, we didn't do anything I should have. I didn't think about it, Judge. It certainly was that we felt prior to that. Okay. So defense counsel tells you you've got a problem, and he actually sort of suggests you can clean this up by filing an amended complaint. You don't do it. The hearing isn't for another two months. You don't do it. You don't do it right after that hearing in the period of time before the judge enters this electronic order. The reason in the letter that we didn't specifically say we would amend it on that point on the FLSA was it already had multiple rulings from the district court that we didn't feel we had any need to do that. You knew you were at risk, and you decided to bet on forcing the defendants to file a motion based on your original complaint. We truly didn't believe we were at risk and thought we had a pleading. Was there something else going here? This is a punitive class for collective action. Yes. And the type of particularity that the defendants were begging you on to add to the complaint, saying, as it turns out correctly, you needed to add, that would have cut back against your attempt to get class certification, wouldn't it? No, we didn't think that at all, and we don't today think that at all. But then I'm left with, why in the world didn't you file the complaint when they were threatening you? I mean, you had a completely free get-out-of-jail card that wipes out their argument, and you make a decision to put the judge through taking a chance, I guess, hoping he would let you amend? It wasn't that at all. Well, the defendants said that we didn't adequately plead the employer relationship. Prior to that, I'm sorry, not prior to that letter, but prior to this filing, we had filed with the court our motions for class certification. We felt there was no issue. There were affidavits submitted showing which employers we worked at. I thought the court actually rejected a class settlement agreement because it found conflicts among the class members and their individual situations were varying enough to generate conflicts. That was the judge's position in denying those motions. That sounds to me like you've got a problem with certification, if you can, because a settlement class is much easier to get certified than is a B-3 litigation class. And that, to our point, was why in our submissions we had additional information in the motions for class certification. We thought we were going above and over the top as to proving that the class was maintainable. There's no other questions? Thank you. Ma'am, police court. Your Honors, if I might begin by addressing any number of questions that you all have asked. I believe it's necessary to clarify the issues that were before Judge Woodlock at the scheduling conference. We had sent a letter to Plaintiff's Counsel. April 1st, detailing all of the deficiencies in their complaint. And I think it's useful for the court to understand exactly the burden that this particular complaint has placed on federal courts across the country. Since these health care cases started in 2008, 77 district courts, 26 appellate decisions have addressed some version of this complaint. Plaintiff's Counsel here has amended that complaint 56 times. Mr. Solomon suggests to the court that they were not on notice of the deficiencies in their complaint. And he focuses, with no coincidence, on just the FLSA claim. I don't think he said he wasn't on notice. He admitted he got your letter and he told us he knew of another district court opinion that went against him. So he hasn't argued that he wasn't on notice. Actually, during his briefing, he has argued that they were not on sufficient notice. And he is focused, as I said, just on the FLSA claim. Our letter and the federal complaint that is at issue in this appeal involves several different claims. There was the FLSA claim, the RICO claim, and the ERISA claim. And it is not accurate for Mr. Solomon to suggest to the court that he did not have ample notice from 11 district judges across the country that the RICO claims in this case were deficient as a matter of law. What is the timeframe for those 11 different cases? Because we're talking about 2011. Your Honor, I know it's somewhat unusual, but if I may provide the court with copies of a timeline, it is part of the appendix. Just tell us. Your Honor, the cases all preceded, the 11 district court judges that ruled on the RICO claim all preceded the hearing that we had with Judge Whitlock on the status conference in June of 2011. And there were more than any number of cases that followed that. So as of June 6, 2011, here in this district alone, Judge Whitlock, Judge O'Toole, Judge Zobel, and Judge Saylor had all found that the RICO claim was deficient. Similarly, in the Manning case, Judge Zobel had found the ERISA claim was deficient. It's no coincidence that plaintiff's counsel offered absolutely no justification at the status conference for proceeding forward with those claims. Similarly, the FLSA claim was also deficient and was deficient because plaintiffs had not met the necessary Article III standing requirements. Now, of course, the issue before this court right now is not the sufficiency of the complaint. Plaintiffs have conceded that when they did not appeal Judge Whitlock's decision on the sufficiency of the complaint. The sole issue before this court is whether or not Judge Whitlock acted within his discretion to find that they had not moved to amend the complaint, and he certainly did. And certainly in our papers, Judge Thompson, we took the position that the oral motion was not sufficient. Judge Lynch, we believe it was not sufficient, and there is certainly ample case authority in this court to suggest that that kind of oral request is not sufficient. But even if this court were to take the oral request as sufficient, Judge Whitlock had more than ample grounds before him to find that it was deficient. There are any number of grounds that this court has recognized, undue delay, prejudice to the other side, bad faith, failure to cure. What was the prejudice? Your Honor, we were put to unnecessary expense in having to oppose a motion that plaintiffs at the status conference themselves conceded was deficient. So that is certainly undue prejudice to my client. The client is a charitable institution, and they were put to spending thousands of dollars defending a motion that, excuse me, defending against a complaint that was deficient. This court has certainly noted, Judge Thompson, you have yourself noted, that making strategic decisions have consequences. And this court has recognized that making a strategic decision not to move to amend can, in fact, be the kind of grounds on which a judge can reasonably deny a motion to amend. If we start with the background presumption, normally someone files a complaint. Let's say there's a Rule 12A motion to dismiss it, and the court decides to dismiss it. In normal course, isn't leave to amend going to be freely granted at that point, assuming nothing else has happened in the case? In fact, aren't there a lot of cases that say the dismissal should be without prejudice so as to entertain that possibility? Absolutely, Your Honor. In the normal course, Rule 15 grants a liberal amendment procedure. So how are you more prejudiced than any other plaintiff and defendant confronted with the same situation? How are you more prejudiced? You had spent two years trying to work out negotiations. And why, if you were on the verge of settling, would it not have been irresponsible for opposing counsel to spend money doing something that may not have been necessary if the case was going to settle? Your Honor, at the point that the court was taking up the motions to dismiss, the settlement was not proceeding. So we had returned to a full litigation posture. And litigation was proceeding because settlement had broken down. That's correct, Your Honor. And at that point, before we filed our motions, we sent them a letter detailing all of the issues with their complaint. They ignored that. In fact, in their four-line response to our letter, they argued that it was premature to have to respond to the motions at that point in time. We then went to a status conference. At the status conference, the court first took up the issue of whether it was going to grant. If they made a reasonable but erroneous judgment that based upon at least some courts having found that their complaint adequate, why should they be penalized for that? Your Honor, it wasn't a reasonable assumption at that point in time. Is there any case law that says that they have to, just because opposing counsel says the complaint is inadequate, that they should respond to that? Your Honor, Rule 11 alone provides for that, that you cannot continue to pursue claims that are not well-founded in law. And certainly as to at least two of these claims, that was the case. Additionally, Your Honor, this is not. They had had some favorable rulings. But they had not on two of the claims. That's correct, Your Honor. And they had also not had favorable rulings not only in this district but others. What makes this case so unusual is these are not other cases that perhaps have some similarities to the present case. These are other cases dealing with the exact same complaint. And in fact, Your Honor, in those other courts where the courts were looking at whether the complaint was deficient or not, those were subsequently amended complaints. So before Judge Woodlock was the very first iteration of this complaint, the plaintiff's counsel had not even alleged who was employing the plaintiffs in this case. So, Your Honor, I would disagree respectfully with your suggestion that there was a reasonable basis for them to proceed here. And frankly, Judge Woodlock, based on a very thorough record of course of conduct, not only before Judge Woodlock, but before many other federal judges, reasonably concluded that there was undue delay, that the plaintiff's counsel had engaged in a strategic calculation to press forward with this complaint. It was not the result of inadvertence or not understanding the law. Plaintiff's counsel concedes that. In fact, the plaintiff's counsel motive can be taken directly from the transcript before Judge Woodlock when the only time plaintiff's counsel was attending to what federal judges were telling him was when his complaint was dismissed with prejudice by Judge Saylor. In fact, he said, Mr. Solomon said, that was a defining moment. So, what the judge reasonably concluded from that course of conduct, is even though federal courts were talking to them about their complaint, they were not listening. And this court has plainly made clear that when you make a strategic decision to press forward with a complaint, and it's deficient, then a motion to mend is not proper in those circumstances. Thank you, Your Honor. I only have a couple brief comments because we spent a little extra time prior to my rebuttal. You're using your time. Get to the point. I understand. There was no delay here in this case. We didn't sit back on our laurels and wait. This case was filed in 2009. The parties, there was an answer, and then in May of the next year, we went into settlement discussions, and it reached a very substantial settlement in this matter. It was presented multiple times. Counsel just said you've attempted to restrict the case to one claim, that on two of the claims, all of the case law went against you. They told you that in April, the court conference isn't until June, and you still refuse to do anything to amend your complaint. What's your response to that? Sure, and my response to that was we did not intend to amend based on those issues because on appeal, we believe that when the Court of Appeals heard these issues, that these had not been addressed around the country. This would have been the first Court of Appeals to address that, and we needed to get that issue up and believed that we had pleaded adequately. And on one of them, we were wrong. On the other one, we had a little bit of progress but still changed our decision. But that's why we didn't let those go. The FLSA, we truly just believed it was right. There had only been the one saying in this district, contrary position. What about the defining moment comment? The defining moment being the day before we walked into court with Judge Woodlock and learned that in another district court decision in this district, those matters had been dismissed. But that doesn't fit with your explanation. You just gave Judge Lynch about wanting to get a circuit court opinion. On the FLSA claims, on the FLSA, we believed it was pleading properly, that we were doing it right. We then saw a couple of district courts go against that and felt if there was additional extra information you wanted, we could plead that very simply. The other issue wasn't a factual matter. It was a legal issue on those claims, and we believed that on the legal issue of whether the claims had merit, we would prevail. Okay. Thank you. Thank you.